UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEELY JONES, | ) | CASE NO. 5:19-cv-1874 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| SUMMIT COUNTY JOB AND | ) | |
| FAMILY SERVICES, | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff, Keely Jones ("Jones"), brings this action against defendant, Summit County Job and Family Services ("SCJFS"), alleging age discrimination in employment and retaliation. (Doc. No. 1 ["Compl."].) Jones moves to proceed with this action *in forma pauperis* (Doc. No. 2), and that motion is granted.

For the reasons that follow, this case is dismissed.

## I. BACKGROUND

The allegations in the complaint are sparse, but this action appears to stem from SCJFS failing to hire Jones. Specifically, Jones alleges that on February 9, 2018, she applied for a job, and SCJFS unlawfully discriminated and retaliated against her by failing to hire her. (Compl. at 4.[1]) While the complaint itself includes few facts to support her claims, Jones attached various documents to her pleading which the Court will consider in determining whether Jones states a plausible claim for relief. *See* Fed. R. Civ. P. 10(c).

---

[1] Page number references are to the page identification numbers generated by the Court's electronic filing system.

It appears that Jones was previously employed by SCJFS as a Case Management Specialist 1. (Doc. No. 1-5.) It is unclear when, and under what circumstances, Jones ceased working for SCJFS. But on February 9, 2018, Jones applied for a Temporary PT (presumably part time) Case Management Specialist position with SCJFS. (Doc. No. 1-3.) SCJFS considered Jones's application but ultimately selected candidates whose qualification more closely matched the requirements of the position. (Doc. No. 1-4.) On August 14, 2018, Jones filed a Charge of Discrimination with the Ohio Civil Rights Commission alleging age discrimination and retaliation. (Doc. No. 1-1.) On August 5, 2019, Jones received a right to sue letter from the U.S. Equal Employment Opportunity Commission. (Doc. No. 1-11.) Jones filed the instant action on August 16, 2019. (*See* Compl. at 1.)

## II. DISCUSSION

### A. Standard of Review

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted). Nevertheless, courts are not required to conjure unpleaded facts or construct claims on plaintiff's behalf. *See Kamppi v. Ghee*, 208 F.3d 213 (table), 2000 WL 303018, at *1 (6th Cir. Mar. 14, 2000); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to review all *in forma pauperis* complaints filed in federal court and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). The standard for dismissal under Rule 12(b)(6) also applies to dismissal under § 1915(e)(2)(B). *Id.* at 470–71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) governs dismissal under § 1915(e)(2)(B)). Therefore, to survive dismissal under § 1915(e)(2)(B), Jones's complaint must set forth sufficient facts to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678.

**B. Analysis**

Even construing Jones's claims liberally, in the light most favorable to her, Jones has failed to state a plausible claim for relief. Under the ADEA, employers are not permitted to "refuse to hire or to discharge" an individual because of that person's age. 29 U.S.C. § 623 (a)(1). Where, as here, there is no direct evidence of age discrimination, courts apply the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Under *McDonnel Douglas*, plaintiffs must establish the elements of a prima facie case of age discrimination. The plaintiff must show "(1) she was over the age of 40, (2) she applied for and was qualified for the position, (3) she was considered for and denied the position, and (4) she was rejected in favor of a significantly younger person with similar or inferior qualifications to permit an inference of age discrimination." *George v. Youngstown State Univ.*, 4:17CV2322, 2019 WL 118601, at *7 (N.D. Ohio Jan. 7, 2019) (citing *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000); *Betkerur v. Aultmen Hosp. Ass'n*, 78 F.3d 1079, 1095 (6th Cir. 1996)). The ADEA does not

3

allow mixed-motive discrimination claims; plaintiff must show "that an employer took adverse action 'because of' age…." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009).

To be sure, Jones was not required to plead specific facts establishing a prima facie case of discrimination or retaliation to survive dismissal. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). But she was required to meet the pleading standards articulated in *Twombly* and *Iqbal*; and she failed to do so. Jones's complaint provides no direct evidence of discrimination and the circumstantial evidence that the Court was able to piece together, does not meet basic pleading requirements. Jones's statement of her case simply states, "I filed a federal lawsuit 5:19 CV 169 against [SCJFS] January 23, 2019, for age discrimination." (Compl. at 4–5.) The complaint does not indicate who was hired for the position to which Jones applied, whether the newly-hired employee was younger than Jones, and what qualifications that employee possessed.[2]

The facts supporting Jones's retaliation claim are even more scant than those supporting her age discrimination claim. It appears that Jones has filed at least one previous lawsuit against SCJFS alleging age discrimination and failure to hire. *See Jones v. Summit Co. Job & Family Servs.*, No. 5:19CV169, 2019 WL 4141601, at *1 (N.D. Ohio Aug. 30, 2019), *appeal docketed*, No. 19-3916 (6th Cir. Sept. 26, 2019). However, the complaint is entirely devoid of facts related

---

[2] Jones attached several charts—without explanation—to her complaint. The first chart is titled "applicants not hire [sic]." (Doc. No. 1-8.) It is unclear what this chart relates to, or where the information was derived from. Even if the Court assumes that the chart is a list of people who interviewed for, and were ultimately hired for, the position to which Jones applied, the chart does not include the applicants' age or qualifications. (*See id.*) Further, Exhibit 9— which appears to list all part-time Case Management Specialists hired between 2016 and 2018—does not indicate which, if any, applicants were hired for the position to which Jones applied. The Court notes that—based on Exhibit 9—it appears SCJFS hired numerous individuals over the age of 40 since 2016. Several of those individuals are significantly older than Jones. (*See* Doc. No. 1-9.)

to Jones's previous lawsuit against SCJFS. Aside from her naked assertion, Jones does not even attempt to tie her failure to hire claim to the fact that she previously filed a lawsuit against SCJFS. Even liberally construed, Jones's complaint fails to set forth sufficient facts to meet basic pleading requirements or support plausible claims of age discrimination or retaliation. Her claims must be dismissed. *See Iqbal*, 556 U.S. at 678–79 ("Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.")

### III. Conclusion

For all the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Jones's motion to proceed *in forma pauperis* is granted (Doc. No. 2).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: December 16, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**